CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 09 2015

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MARK LUCKUS TATUM, | ) | CASE NO. 7:15CV00093 |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| U. S. SUPREME COURT OF VIRGINIA, MAGISTRATE, ET AL., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant(s). | ) | |

Mark Luckus Tatum, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights related to state court criminal proceedings now pending against him. Upon review of the record, the court finds that Tatum's complaint must be summarily dismissed.

I

These are the relevant facts. After Tatum was arrested for driving on a suspended license, the magistrate told a deputy that he would not grant Tatum release on bond and did not want to see him. Tatum was then confined in the Patrick County Jail. After Tatum was involved in a fight with another inmate named Tony Harris, authorities charged Tatum with criminal assault, but did not bring any charge against Harris. Tatum claims that Harris threw the first punch, and Tatum fought back only to defend himself. Tatum admits, however, that camera footage of the incident showed him on top of Harris. His submissions also indicate that Harris required medical treatment for injuries he received when Tatum jumped on and head-butted him.

Tatum brought this lawsuit, suing the magistrate for denying bond,[1] and suing a jail investigator for the assault charge. As relief, Tatum demands to have "justice" against the magistrate, and to have the assault charge dropped or to have Harris also charged with assault.

II

The court is required to dismiss any civil action or claim filed by a prisoner against a "governmental entity or officer" if the court determines that the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted, or seeks relief from a defendant who is immune. 28 U.S.C. § 1915A(b)(1), (b)(2). To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

It is well established that judges are absolutely immune from liability for civil "damages for acts committed within their judicial jurisdiction, even if such acts were allegedly done either maliciously or corruptly." King v. Myers, 973 F.2d 354, 356 (4th Cir. 1992) (internal quotations and citation omitted). This immunity bars all claims for money damages if the challenged action was a function "normally performed by a judge" and "the parties dealt with the judge in his . . . judicial capacity." Stump v. Sparkman, 435 U.S. 349, 357 (1978). "Magistrates are judicial officers, and are thus entitled to absolute immunity under the same conditions as are judges." King, 973 F.2d at 356. In denying Tatum's request for bond, the magistrate was performing an act that falls squarely within the scope of his judicial function. Therefore, Tatum's § 1983 claim

---

[1] Tatum names this defendant as "U.S. Supreme Court of Virginia, Magistrate," but apparently asserts a claim only against the magistrate, not the court. In any event, any § 1983 claim against the state court is without merit. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 65-70 (1989) (finding that state agencies properly considered "arms" of the state cannot be sued under § 1983).

2

against the magistrate is barred by judicial immunity and must be summarily dismissed under § 1915A(b)(2).

Tatum's claim against the jail investigator must also be dismissed as frivolous. First, Tatum does not state any particular action that the investigator took, personally, in violation of his constitutional rights as required to bring a § 1983 claim against this defendant, or seek any form of relief against the investigator. West, supra. Second, Tatum cannot use a § 1983 civil action to challenge the legality of his confinement on the criminal charge or seek his release. See, e.g., Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A detainee may raise such challenges to his detention only by filing a petition for a writ of habeas corpus, following exhaustion of available state court remedies. Id. Tatum's submissions offer no indication that he has brought any state court action concerning the legality of the charge or his confinement. Finally, Tatum has no constitutional right to have a criminal charge brought against Harris. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) (finding individual has no constitutional right to commencement of criminal prosecution or non-prosecution of another person).

For the stated reasons, the court concludes that Tatum's § 1983 claims must be summarily dismissed under § 1915A(b). An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 8th day of April, 2015.

Glen Conrad
Chief United States District Judge

3

Case 7:15-cv-00093-GEC-RSB   Document 10   Filed 04/09/15   Page 3 of 3   Pageid#: 37